IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY ROY TYLER, | ) |
| Plaintiff, | ) 8:07cv124 |
| vs. | ) ORDER |
| | ) ON INITIAL REVIEW |
| GEORGE GREEN, et al., | ) |
| Defendants. | ) |

This matter is before the court for initial review of the complaint filed by the plaintiff, Billy Roy Tyler, a former prisoner who has been released from state custody. In Filing No. 2, the plaintiff moves to proceed in forma pauperis ("IFP"). Filing No. 2 is granted.

The plaintiff alleges that he had almost completed serving his sentence in the custody of the Nebraska Department of Correctional Services ("DCS") when DCS officials brought him, in chains, before a Judge of the District Court of Lancaster County, Nebraska, to be arraigned on a charge of making terroristic threats in a letter sent to a member of the Nebraska Board of Parole. The plaintiff brings this action pursuant to 42 U.S.C. § 1983, complaining that the charge was trumped up, violated his First Amendment rights, and failed to meet the statutory elements of the charged offense. The state court judge summarily dismissed the charge at the preliminary hearing.

### Initial Review

As discussed below, the plaintiff may proceed on his original complaint or he may file an Amended Complaint. The Clerk of Court shall send the plaintiff a form to use if the plaintiff chooses to amend. If the plaintiff does not amend, the following are some of the consequences.

### Presumption of Official Capacity

The complaint does not specify whether the named defendants are sued in their "individual capacity," "official capacity," or both capacities. When not specified, the law presumes that a defendant is sued *only* in an official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings). When a State employee is sued in his or her official capacity, the real defendant is the State itself. In other words, a lawsuit against a government employee in his or her official capacity is actually a suit against the governmental employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Because the complaint in this case does not specify that the persons named as defendants are sued in their individual capacity or in

both their individual and official capacities, the only defendant in this case, at this time, is the State of Nebraska.

## Relief

The complaint does not indicate the nature of the relief sought by the plaintiff. Damages cannot be obtained from the State or from its employees in their official capacity. The Eleventh Amendment to the U.S. Constitution bars claims for monetary relief by private parties against a state, a state agency or instrumentality, or an employee of a state in his or her official capacity. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

## Nature of the Cause of Action

The nature of the plaintiff's cause of action is unclear. If the plaintiff is alleging abuse of process or malicious prosecution, those are state-law torts which do not state a claim on which relief may be granted under the federal civil rights laws. See, e.g., Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001):

> Section 1983 only provides a remedy for violations of rights expressly secured by federal statutes or the Constitution. Maine v. Thiboutot, 448 U.S. 1, 4 ... (1980); McNees v. City of Mountain Home, 993 F.2d 1359, 1361 (8th Cir.) (claim for malicious prosecution is not cognizable under § 1983 if it does not allege a constitutional or federal statutory injury). The Constitution does not mention malicious prosecution nor do plaintiffs cite a basis for a federal action for malicious prosecution. Moreover, this court has uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury. Gunderson v. Schlueter, 904 F.2d 407, 409 (8th Cir. 1990). Thus, plaintiffs' allegation of malicious prosecution cannot sustain a civil rights claim under § 1983. Kohl v. Casson, 5 F.3d 1141, 1145 (8th Cir. 1993) (allegations of malicious prosecution without more do not state civil rights claim).

## Verified Complaint

A pro se complaint must be signed to be operative. Fed. R. Civ. P. 11(a). The signature which appears on the third page of Mr. Tyler's complaint will suffice in this case, although that page is entitled "praecipe." However, as the complaint is not "verified," i.e., signed under penalty of perjury, the plaintiff loses the advantage of a verified complaint later in the litigation. See e.g., Williams v. Adams, 935 F.2d 960, 961 (8th Cir. 1991) (for summary judgment purposes, a verified complaint by a pro se plaintiff may serve as the equivalent of an opposing affidavit when the allegations contained therein are based on personal knowledge). Accord Roberson v. Hayti Police Dep't, 241 F.3d 992, 994 (8th Cir. 2001) ("A plaintiff's verified complaint is the equivalent of an affidavit for purposes of

summary judgment."); Munz v. Michael, 28 F.3d 795, 798-99 (8th Cir. 1994).  See also Hartsfield v. Colburn, 371 F.3d 454, 456 (8th Cir. 2004) ("We agree with [plaintiff] that the allegations made in his verified complaints satisfy affidavit requirements, see 28 U.S.C. § 1746.").

### Service of Process

Upon initial review, the court finds that the plaintiff has, in effect, sued one party, the State of Nebraska, which is immune from monetary relief, and that the plaintiff may have asserted claims arising under state, rather than federal law. Nevertheless, when presented with an IFP complaint filed by a nonprisoner, the court is limited, in terms of sua sponte initial review, to deciding whether the complaint is frivolous or malicious.  See, e.g., Bracken v. Dormire, 247 F.3d 699, 702-03 (8th Cir. 2001) ("it is our longstanding practice to construe pro se pleadings liberally").   Therefore, while the plaintiff is entitled to amend his complaint once without leave of court before a responsive pleading is filed, the complaint is not frivolous or malicious, and so service of process may proceed.

IT IS THEREFORE ORDERED:

1. To obtain service of process, the plaintiff must complete and return forms which the Clerk of Court will provide.  The Clerk shall send the plaintiff one summons and one USM-285 form.

2. The plaintiff shall, as soon as possible, complete the forms and send them back to the Clerk of Court.  In the absence of the completed forms, service of process cannot occur.

3. When completing the forms for service of process on all defendants, collectively, in their official capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which identifies the location for service of process as follows:  "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General."

4. Service of process on a defendant at any other location will not be effective as no defendant has been sued in an individual capacity.

5. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will sign the summons and forward it with a copy of the complaint to the U.S. Marshal for service of process. The court will copy the complaint. The Marshal shall serve the summons and complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. Failure to complete service of process on a defendant within

that deadline may result in dismissal of this matter without further notice as to such defendant.

7. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other communication to the court. Parties usually serve copies of documents on other parties by first class mail.

9. The plaintiff shall include with each document or other communication to the court a "Certificate of Service" stating the date a true and correct copy of such communication was mailed to the defendants or to the attorney of any represented defendant. If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a Notice of Deficiency and may strike the plaintiff's communication from the record.

10. A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

12. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

13. IMPORTANT NOTE: **Any communication filed by the plaintiff with the court must bear the plaintiff's original signature**.

14. Filing No. 2, the plaintiff's Motion to Proceed in Forma Pauperis, is granted.

15. The Clerk of Court shall send the plaintiff a form for a complaint. The plaintiff is entitled to amend his complaint once without leave of court before a responsive pleading is filed. Thereafter, no amended complaint will be operative without leave of court.

DATED this 6th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge