IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, ) | |
| ) | |
| Plaintiff, ) | 8:07cv124 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| GEORGE GREEN, et al, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Filing No. 7, the Notice of Appeal and Application for Leave to Proceed In Forma Pauperis ("IFP") on appeal filed by the plaintiff, Billy Tyler. In addition, before filing his Notice of Appeal, the plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 6). Filing No. 6 is denied at this time, without prejudice to reassertion after the appeal has been resolved and the case has returned to this court from the Eighth Circuit Court of Appeals.

Because the plaintiff previously received leave to proceed IFP in the district court, Fed. R. App. P. 24(a)(3) would ordinarily continue IFP status on appeal.[1] However, 28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." See also Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997): "District courts should continue to certify pursuant to [28 U.S.C.]

---

[1]Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis....

(3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

§ 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith.  If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'"

The plaintiff seeks to appeal an interlocutory order - Filing No. 4, the court's Order on Initial Review.  28 U.S.C. § 1292(b) establishes grounds for certification of an interlocutory appeal, i.e., if the decision to be appealed involves a controlling question of law as to which substantial grounds for difference of opinion exist, so that an immediate appeal could materially advance the ultimate termination of this litigation.  This is not such a case.  The decision appealed from does not involve a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of this litigation.  In fact, there is no apparent reason why the present appeal could not await the entry of a final judgment in this case.

For that reason, the court certifies that the present interlocutory appeal is frivolous and is not taken in good faith.[2]  Therefore, Filing No. 7, the plaintiff's Application for Leave to Proceed IFP on appeal will be denied.

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals.  Fed.

---

[2] See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that "good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").

R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

THEREFORE, IT IS ORDERED:

1. That Filing No. 7, the plaintiff's Application for Leave to Proceed In Forma Pauperis on appeal, is denied;

2. That Filing No. 6, the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, is denied without prejudice to reassertion after the appeal has been resolved;

3. That, pursuant to Fed. R. App. P. 24(a)(5), the plaintiff has 30 days, after service of this Memorandum and Order, to file a motion with the Eighth Circuit Court of Appeals for leave to proceed in forma pauperis on appeal; and

4. That, pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall immediately send a copy of this Memorandum and Order to the parties and the Eighth Circuit Court of Appeals as notice that the plaintiff has been denied in forma pauperis status on appeal, and the Clerk shall process this appeal to the Eighth Circuit.

DATED this 24th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge