IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY ROY TYLER, | ) | CASE NO. 8:07CV124 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| GEORGE GREEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

The plaintiff filed his initial complaint and motion to proceed in forma pauperis on April 3, 2004. The court granted the plaintiff's request to proceed in forma pauperis, and entered its order on initial review on April 6, 2007. The order on initial review advised the plaintiff that when a complaint fails to specify whether the named defendants are sued in their "individual capacity," "official capacity," or both, the law presumes the defendant is sued only in an official capacity. The order further discussed Eleventh Amendment immunity as a bar to monetary relief against the State or its employees sued in their official capacities, and notified the plaintiff that his allegations appeared to raise a common law malicious prosecution claim and not a federal civil rights claim. Finally, the order on initial review advised the plaintiff that his pleadings could not be construed as evidence unless he signed them under penalty of perjury. Filing No. 4.

The court ultimately held:

> Upon initial review, the court finds that the plaintiff has, in effect, sued one party, the State of Nebraska, which is immune from monetary relief, and that the plaintiff may have asserted claims arising under state, rather than federal law. Nevertheless, when presented with an IFP complaint filed by a nonprisoner, the court is limited, in terms of sua sponte initial review, to deciding whether the complaint is frivolous or malicious. See, e.g., Bracken v. Dormire, 247 F.3d 699, 702-03 (8th Cir. 2001) ("it is our longstanding

> practice to construe pro se pleadings liberally"). Therefore, while the plaintiff is entitled to amend his complaint once without leave of court before a responsive pleading is filed, the complaint is not frivolous or malicious, and so service of process may proceed.

Filing No. 4, p. 3. Pursuant to the court's findings on initial review, the plaintiff received one summons and USM-285 form to effectuate service.

On April 16, 2007, the court received, in one mailing, the plaintiff's amended complaint, a motion for temporary restraining order, and a notice of appeal. The notice of appeal stated plaintiff was seeking appellate review of the court's order on initial review, and he was requesting leave to file the appeal in forma pauperis. See Filing Nos. 5-7. The court denied the plaintiff's request for certification to appeal in forma pauperis because "the present interlocutory appeal is frivolous and is not taken in good faith." Filing No. 12, p. 2. The plaintiff was given thirty days to file a motion to proceed in forma pauperis with the Eighth Circuit Court of Appeals.

On May 30, 2007, the Clerk of the Court of Appeals for the Eighth Circuit sent a letter to the plaintiff advising him that it had received this court's transmission of plaintiff's notice of appeal. The letter further advised the plaintiff either to pay the $455 appellate filing fee or file an application to proceed in forma pauperis. Filing No. 14. On August 21, 2007, the Eighth Circuit dismissed the plaintiff's appeal for failure to prosecute. Filing Nos. 17 & 18.

Defendant Crosby, the only defendant who has been served with plaintiff's complaint, filed his motion to dismiss on August 21, 2007. Filing No. 19. The plaintiff has not responded to the motion.

**SUA SPONTE REVIEW**

Since the plaintiff is pursuing this case in forma pauperis, his lawsuit is subject to the court's continuing sua sponte review under 28 U.S.C. § 1915(e)(2). 28 U.S.C. § 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Accordingly, in the interest of judicial efficiency, this memorandum and order will address not only defendant Crosby's Rule 12(b)(6) motion to dismiss, but the plaintiff's claims against all the defendants to determine if the plaintiff has failed to state a claim on which relief may be granted.

### The Plaintiff's Complaints

To afford the plaintiff the most liberal construction of his pleadings, the court will construe the plaintiff's amended complaint as supplementing his initial complaint. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Accordingly, the facts set forth in the exhibits attached to the initial complaint have also been considered when

3

assessing whether the plaintiff's suit is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). The plaintiff alleges as follows:

> The named defendants, all of which are sued in their official and individual capacities, include:
>
> -- Defendant Randy Crosby, a "unit manager" employed by the Nebraska Department of Correctional Services ("NDCS").
>
> -- Defendant Richard Gatto, an officer employed at the Nebraska State Prison ("NSP").
>
> -- Defendant George Green, legal counsel for NDCS.
>
> -- Defendant Dennis Bakewell, the warden at NSP.
>
> -- Defendant Robert Houston, the director of NDCS.
>
> -- Defendant Unknown Krantz, a Nebraska State Patrol investigator.
>
> -- Defendant John Doe, a Lancaster County prosecutor.
>
> -- Defendant John Doe, a Nebraska State Patrol Investigator;
>
> -- Defendant Hamilton, a NSP officer.
>
> -- Defendant Esther Casmer, the chairperson of the Nebraska Parole Board.

See Filing No. 5.

On October 26, 2006, defendant Gatto reported that while he was escorting the plaintiff back to his cell following a Parole Board hearing, the plaintiff stated, "those motherfuckers up there on that Parole Board are fucking with me," "white racist motherfuckers, they don't know who they're dealing with," "I get me a gun and kill all those motherfuckers up there on that Board, especially the bitch who runs it." Filing No. 1, p. 7. Defendant Gatto documented his report by completing a NDCS Disciplinary Misconduct

Reporting Form which, along with documentation from defendant Crosby, was forwarded to the Nebraska State Patrol for investigation.  Filing No. 1, p. 7.

In October of 2006, defendant Crosby approached the plaintiff in his cell and asked if he was willing to speak with defendant Krantz, a Nebraska State Patrol investigator.  The Plaintiff replied:  "About the letter?"  Crosby responded:  "Yes."  The plaintiff agreed to speak with Krantz, but the meeting did not take place that day because a fight broke out and the prison was placed in lock down.[1]   Filing No. 5.

A month or so later, an NDCS officer told the plaintiff that someone wanted to see him.  When the plaintiff asked who it was, the officer told the plaintiff that it was defendant Krantz.  The plaintiff would not agree to talk to defendant Krantz.  Filing No. 5.

Another month later, defendant Crosby and another officer asked the plaintiff if he would speak with defendant Krantz.  The plaintiff agreed to do so.  He was escorted in shackles to meet and speak with defendant Krantz and another Nebraska State Patrol investigator.  Upon arrival, the plaintiff noticed defendants Crosby and Krantz were speaking with one another.  Defendant Krantz advised the plaintiff that a prison guard had reported hearing the plaintiff threaten to kill someone when he got out of prison.  Defendant Krantz asked the plaintiff if he intended to kill someone upon release from prison.  The plaintiff denied having any intent to kill someone.  Defendant Krantz stated that no charges would be filed against the plaintiff.   Filing No. 5.

---

[1]The letter is not included in the court's record.

Nebraska State Patrol investigator Chrans spoke with defendant Casmer and other Parole Board members on February 22, 2007. All of them stated they took the plaintiff's threats seriously and were afraid. Filing No. 1, p. 7.

Defendant Crosby came to the plaintiff's cell and stated that someone wanted to see him. Defendant Krantz appeared at the cell window. Defendant Crosby allegedly stated he wanted to see the plaintiff's face when plaintiff was told he was being charged with one count of making terroristic threats. Filing No. 5.

On March 9, 2007, the Lancaster County Attorney filed a criminal complaint alleging that on October 26, 2006, the plaintiff threatened to commit a crime of violence against defendant Casmer. The criminal complaint was supported by an affidavit of probable cause, signed under oath by Nebraska State Patrol investigator Chrans on March 7, 2007. The affidavit contained information received by the Nebraska State Patrol from defendants Gatto and Casmer regard the October 26, 2006 incident. The affidavit does not mention, and the criminal charge was therefore not based on, the letter plaintiff sent to Casmer. See Filing No. 1, pp. 5-8.

When the plaintiff had completed serving his sentence at NDCS, he was taken by the Lancaster County Sheriff to the Lancaster County Corrections department where he was initially held on a $25,000 bond. Filing No. 5. On March 13, 2007, defendant Hamilton escorted the plaintiff in chains to appear before Lancaster County Court Judge Mary Doyle to be arraigned on a "trumped up" charge of making terroristic threats to defendant Casmer. Filing No. 5. Judge Doyle lowered the plaintiff's bond to $100.00. Filing No. 5.

6

The plaintiff requested the $100.00 "gate fee" owed to him by the NDCS upon his release from that institution. Filing Nos. 1 & 5. Defendant Green stated he would not permit payment of the gate fee because, pursuant to the prison's policy, an inmate released from that institution to a detainer cannot receive the gate fee. Filing No. 1.

A preliminary hearing was held before Judge Doyle on March 29, 2007. Defendants Crosby, Gatto, and Casmer testified at the hearing. The criminal charge was dismissed. Judge Doyle allegedly opined that defendant Crosby was the instigator of the "bogus charges." Filing No. 1.

The plaintiff does not allege that he never made the statements included in his letter to defendant Casmer, or the verbal statements reported by defendant Gatto and included in the probable cause affidavit supporting the criminal charge. Rather, he claims he had a First Amendment right to make the statements included in his letter to Casmer. Filing No. 1, p. 9; Filing No. 5.

The plaintiff alleges defendants Crosby, Gatto, Casmer, and the state patrol officers conspired to bring false charges against the plaintiff, and defendant Green withheld the $100.00 gate fee, bus ticket, and clothes in violation of plaintiff's right to equal protection. The plaintiff seeks $100,000,000 in damages and declaratory relief. Filing No. 5.

## LEGAL ANALYSIS

### Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e)(2), the court is required to review an in forma pauperis complaint seeking relief to determine whether summary dismissal is appropriate, and must dismiss a complaint or any portion thereof that states a frivolous or malicious

claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under either 28 U.S.C. § 1915(e)(2)(B)(ii) or Rule 12(b) of the Federal Rules of Civil Procedure, the court must construe the allegations of a complaint in the light most favorable to the plaintiff. See Goodroad v. Bloomberg, 1997 WL 633078, *1 (8th Cir. 1997)(affirming dismissal of pro se prisoner complaint with prejudice upon review under 28 U.S.C. § 1915(e)(2)(B)(ii)(citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(applying Fed.R.Civ.P.12(b)(6) standard of review to section 1915(e)(2)(B)(ii) dismissal) and Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994)(applying Rule 12(b)(6) standard of review)). Though a pro se plaintiff's complaint must be liberally construed, irrespective of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). Where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46 (1967); Burke v. North Dakota Dept. of Corrections and Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002).

### Defendants Bakewell and Houston.

The plaintiff's complaint contains no allegations against defendants Bakewell and Houston. At most, the plaintiff is attempting to pursue recovery from these defendants based on their supervisory roles in Nebraska's correctional facilities. "It is well settled that § 1983 does not impose respondeat superior liability." Hughes v. Stottlemyre, 454 F.3d 791, 798 (8th Cir. 2006). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted

in injury. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Plaintiff's claims against defendants Bakewell and Houston must be dismissed.

### Defendant Green

Based on the plaintiff's complaint, defendant Green withheld the payment of a $100.00 gate fee upon plaintiff's release from the jail. Green reportedly told the plaintiff that the gate fee is not paid to inmates who are released to a detainer.

The plaintiff alleges defendant Green violated his right to equal protection by refusing to permit payment of plaintiff's gate fee. To prevail on an equal protection claim, an inmate plaintiff must allege he was treated differently than a similarly situated class of inmates, that the different treatment burdened one of his fundamental rights, and that the different treatment bears no rational relation to any legitimate penal interest. Murphy v. Missouri Dept. of Corrections, 372 F.3d 979, 984 (8th Cir. 2004). Taking as true the allegations of the plaintiff's complaint, the plaintiff has failed to allege his equal protection rights were violated. The plaintiff has failed to allege that other inmates released from the penitentiary to confinement in another institution pursuant to a detainer receive the gate fee.

He has also failed to allege the loss of any fundamental right. To enjoy a property interest in a government benefit, a person must have more than an abstract need or desire for the benefit or a unilateral expectation of receiving it, but instead must have a legitimate claim of entitlement. Board of Regents v. Roth, 408 U.S. 564, 576 (1972). Property interests are not created by the constitution. They are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as

state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Roth, 408 U.S. at 577.

Pursuant to Neb. Rev. Stat. § 83-187(1), when an inmate is released from NDCS, he shall receive clothing appropriate for the season, a transportation ticket, and a sum of money "as may be prescribed by the regulations of the department to enable the person to meet his or her immediate needs." Neb. Rev. Stat. § 83-187(1). Under the circumstances alleged in the plaintiff's complaints, the plaintiff was released from NDCS to the custody of another institution. Therefore, at the time of his release from NDCS, he had no "immediate need" for clothing, transportation, or money (the "gate fee"). Neb. Rev. Stat. § 83-187(1).

The plaintiff has failed to identify any state statutory or NDCS regulatory basis for his claimed entitlement to a "gate fee," clothing, or transportation accommodations, and he has failed to allege that other inmates have received these government benefits when released to a detainer. The plaintiff has therefore failed to allege that defendant Green's refusal to permit the plaintiff to receive these benefits violated his equal protection rights or deprived him of a constitutionally protected property interest. As to defendant Green, plaintiff's claim must be dismissed for failing to state a claim on which relief may be granted.

### Defendant John Doe, the Lancaster County Prosecutor

To the extent any claim is alleged against John Doe, the Lancaster County prosecutor, the plaintiff merely alleges the prosecutor filed a criminal charge of making terrorist threats based on a probable cause affidavit completed by the Nebraska State Patrol. A prosecuting attorney who acts within the scope of his or her duties in initiating

10

and pursuing a criminal prosecution and presenting the state's case is absolutely immune from a civil suit for damages under § 1983. Imbler v. Pachtman, 424 U.S. 409 (1976). "Exposing the prosecutor to liability for the initial phase of his prosecutorial work could interfere with his exercise of independent judgment at every phase of his work, since the prosecutor might come to see later decisions in terms of their effect on his potential liability. Thus, we shield the prosecutor seeking an indictment because any lesser immunity could impair the performance of a central actor in the judicial process." Kalina v. Fletcher, 522 U.S. 118, 128 (1997). Accordingly, plaintiff's claim against defendant John Doe, the Lancaster County prosecutor, must be dismissed.

### Defendant Hamilton

The only allegation raised against defendant Hamilton is that he escorted the plaintiff in shackles to a court appearance before Judge Doyle. This allegation fails to state any claim for relief, much less a claim cognizable under 28 U.S.C. § 1983. Plaintiff's claim against defendant Hamilton must be dismissed.

### Defendants Gatto, Casmer, Crosby, Krantz, and John Doe, a Nebraska State Patrol Investigator

Liberally construed, the plaintiff alleges defendants Gatto, Casmer, Crosby, Krantz, and John Doe, a Nebraska State Patrol Investigator, either individually or in concert, violated the plaintiff's constitutional rights. For the reasons described below, these claims must be dismissed.

1.  Defendants Krantz and John Doe, a Nebraska State Patrol Investigator

There are no allegations that the Nebraska State Patrol officers, including defendant Krantz, fabricated or embellished the information they received during their investigation,

11

knew or should have known that any of the information received from Casmer or Gatto was false, or failed to report information received that was material to deciding whether to pursue criminal charges against the plaintiff related to plaintiff's October 26, 2006 statements. See Franks v. Delaware, 438 U.S. 154, 165 (1978); Hedges v. Poletis, 177 F.3d 1071, 1074 (8th Cir. 1999). The plaintiff does not allege that the information supporting the officers' probable cause affidavit was unconstitutionally acquired. The officers did not testify at the plaintiff's preliminary hearing. Based on the plaintiff's pleadings, the Nebraska State Patrol Officers completed a criminal investigation of the October 26, 2006 incident, reported the facts accumulated to a prosecutor, and completed a probable cause affidavit outlining those facts. Such allegations do not support a claim for liability under 28 U.S.C. § 1983. See e.g., Reasonover v. St. Louis County, Mo., 447 F.3d 569, 583 (8th Cir. 2006)(denying § 1983 claim for wrongful conviction where the suspect alleged the investigating officers' report failed to report the suspect denied involvement in the suspected crime); Walker v. Bonenberger 438 F.3d 884, 889 (8th Cir. 2006)(denying § 1983 claim against investigating officers who completed a search warrant affidavit where the plaintiff failed to show the sworn statements in the affidavit were deliberately false or made with reckless disregard for the truth).

    2.    <u>Defendants Casmer and Gatto</u>

The plaintiff does not allege that defendants Casmer and Gatto provided false information to the Nebraska State Patrol investigators, nor does he claim they provided perjured testimony at the preliminary hearing. As to defendant Casmer, the plaintiff's complaints and accompanying attachments allege she received a letter from the plaintiff, took the plaintiff's threats seriously, and was afraid. When questioned, she provided this

12

information to an investigating law enforcement office, and testimony at the plaintiff's preliminary hearing. As to defendant Gatto, the plaintiff's complaints allege he reported to prison authorities that the plaintiff used threatening language on October 26, 2006, completed a disciplinary misconduct report, and testified at the plaintiff's preliminary hearing.

The allegations related to defendants Gatto and Casmer do not support a claim that these defendants, either individually, jointly, or in cooperation with Crosby or the Nebraska State Patrol, violated the plaintiff's constitutional rights. See e.g, Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001)(holding malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992)(holding witnesses and prosecutor who allegedly conspired to file false criminal charges and provide false testimony against a pro se plaintiff were absolutely immune from § 1983 liability); Busch v. City of Anthon, Iowa, 173 F. Supp.2d 876, 904 (N.D. Iowa 2001)(holding § 1983 plaintiff had failed to show the defendants conspired in her false arrest despite evidence that she had, by her actions, generated hostility from several defendant governmental entities and a private citizen). See also Dangberg v. Sears, Roebuck and Co., 198 Neb. 234, 252 N.W.2d 168, 171 (1977) (stating one who merely tells an officer what he knows of a supposed offense or gives information to an officer tending to show that a crime has been committed, without requesting an arrest, is not liable for false arrest and imprisonment).

3. Defendant Crosby.

As pointed out in defendant Crosby's motion to dismiss, the allegations of fact concerning Crosby are primarily directed at this defendant's efforts, only one of which was

13

successful, at organizing meetings between the plaintiff and Nebraska State Patrol investigators. The plaintiff also alleges Crosby escorted Krantz to the plaintiff's cell when the plaintiff was told he was being charged with making terroristic threats, and that Crosby stated he wanted to see the plaintiff's face when that message was delivered. Finally, the plaintiff's initial complaint alleges Crosby testified at the preliminary hearing, and that Judge Doyle opined that Crosby had instigated the filing of criminal charges.

The plaintiff does not allege that the allegations in the probable cause affidavit underlying plaintiff's criminal charge were untrue, or that Crosby had any reason to believe they were untrue. From the allegations of fact alleged, Crosby served as a conduit for collecting information concerning a potential crime. The prosecutor reviewed this information, determined that probable cause existed, and filed a criminal charge. The plaintiff challenged this criminal charge, exercised his Sixth Amendment right to counsel and his due process right to a preliminary hearing before the County Court of Lancaster County, and prevailed. The role Crosby played, if any, in the investigation and arrest of the plaintiff did violate the plaintiff's constitutional rights, and his act of testifying at the preliminary hearing cannot provide a basis for § 1983 recovery.[2]

The plaintiff alleges defendants Gatto, Casmer, Crosy, Krantz, and John Doe, a Nebraska State Patrol Investigator, conspired to instigate the filing of false charges and a "bogus arrest" of the plaintiff. See Duvall v. Sharp, 905 F.2d 1188, 1189 (8th Cir. 1990).

---

[2]Judge Doyle's alleged statement that defendant Crosby instigated the plaintiff's arrest is not a statement of fact binding on defendant Crosby. Defendant Crosby was not a party in the criminal proceeding. See Owens v. Carpenay, 939 F. Supp. 558, 564 n. 5 (E.D. Mich. 1996). See Holloway v. Lockhart, 813 F.2d 874, 878 (8th Cir. 1987)(holding prisoner was not collaterally estopped by determination in favor of the prison in another inmate's case).

14

A conspiracy claim requires allegations of specific facts showing a meeting the minds among the alleged conspirators. Snelling, 972 F.2d at 200 (citing Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988)). See also Reasonover, 447 F.3d at 582(holding that the alleged joint pursuit of a criminal investigation by police officers based on a belief that the plaintiff had committed a crime does not constitute an unlawful conspiracy). The plaintiff's conclusory conspiracy allegation against defendants John Doe, a Nebraska State Patrol Investigator, Krantz, Crosby, Gatto, and Casmer is insufficient.

The plaintiff's complaint fails to state a § 1983 claim against defendants John Doe, a Nebraska State Patrol Investigator, Krantz, Crosby, Gatto, and Casmer. His claims against these defendants must be dismissed.

IT IS ORDERED that:

1. The plaintiff's claims against defendants Richard Gatto; George Green; Dennis Bakewell; Robert Houston; Unknown Krantz; John Doe, a Nebraska State Patrol Investigator; John Doe, the Lancaster County prosecutor; Hamilton; and Esther Casmer are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. The Motion to Dismiss filed by defendant Randy Crosby, (Filing No. 19), is granted;

3. There being no remaining claims alleged in the plaintiff's complaints, (Filing Nos. 1 & 5), the above-entitled case is dismissed with prejudice; and

4. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 22nd day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge